IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SHALER EAGLE,**

        **Petitioner,**

v.                                    **CIVIL ACTION NO. 2:11cv8**
                                                  **(Judge Bailey)**

**THE PAROLE BOARD OF THE STATE OF WEST VIRGINIA,**

        **Respondent.**

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

### I. Introduction

On January 28, 2011, Shaler Eagle [hereinafter referred to as "petitioner"], a state prisoner, filed a *pro se* pleading which was docketed as a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. On that same date, the petitioner was sent a Notice of Deficient Pleading. On February 9, 2011, the petitioner filed his § 2254 petition on this court's approved form as well as an Application to proceed without prepayment of fees with supporting documents. On February 10, 2011, the petitioner was granted leave to proceed *in forma pauperis* but ordered to pay the $5.00 filing fee. On February 17, 2011, the petitioner paid the $5.00. On March 18, 2011, an Order to Show cause was issued, and on March 23, 2011, the respondent filed a response to the petition. On April 1, 2011, the petitioner filed a reply. On January 5, 2012, the petitioner filed an amendment/addition, and on January 11, 2012, the respondent filed a response.

### II. Factual Background

The petitioner was convicted of second degree murder in the Circuit Court of Mingo County, West Virginia. On August 26, 1998, he was sentenced to 35 years of imprisonment.(Doc.

25-2) The petitioner, through counsel, filed a direct appeal with the West Virginia Supreme Court of Appeals ("WVSCA"). The appeal was refused on May 19, 1999. The petitioner did not seek a writ of certiorari. However, the petitioner did pursue a *pro se* petition for writ of habeas corpus in the Circuit Court of Mingo County on February 1, 2000. The circuit court addressed each ground raised in the petition, and denied the petition on the merits by order entered December 22, 2000. On April 14, 2001, the petitioner sought a *pro se* appeal of his habeas petition to the WVSCA. The appeal was refused on December 14, 2001. Thereafter, the petitioner filed a § 2254 petition in the United States District Court for the Southern District of West Virginia. The petition was denied as untimely under ADEPA on June 16, 2003. On appeal, the Fourth Circuit affirmed the decision of the district court. See 2:02-cv-01127.

The petitioner was first considered for parole release in November of 2007. He has had at least four parole interviews since becoming eligible for parole consideration. On each occasion, the Board denied the petitioner parole. At the time, the petitioner sought relief from this Court, the most recent parole denial was on November 8, 2010.[1]

**III. Petitioner's Federal Habeas Corpus Claims**

In his petition for habeas corpus relief, the petitioner indicates that he is seeking to have this court hold the parole board in contempt for violating this Court's holding in Sites v. McKenzie, 423 F. Supp. 1190 (1976). More specifically, the petitioner alleges that the WV Parole Board continues to use the ground of "best interest of society" to deny inmates parole in violation

---

[1]According to information provided by the WV Parole Board to the *pro se* law clerk assigned to this case, the petitioner was scheduled for another hearing on November 28, 2012. A review of the DOC website intimates that the petitioner was again denied parole inasmuch as he is scheduled for a parole hearing on November 1, 2013. According to the website, his projected release date is May 4, 2015.

2

of this Court's holding in <u>Sites</u>. In addition, the petitioner alleges that the WV parole board is in direction violation of this Court's ruling by not allowing inmates access to their files in order to correct any factual errors before a parole hearing. For relief, the petitioner asks that "the parole board of WV be held in contempt and be required to comply with the earlier orders set forth in <u>Sites v. McKenzie</u> and that the Codes concerning parole be changed to reflect the Courts [sic] orders. Finally, he requests that the parole board of WV be required upon request to allow inspection or be given copies of all information used against one in a parole hearing for the parole board file as ordered in <u>McKenzie</u>." (Doc. 1-4, p. 14).

**IV. Response to Petition**

In its response, the West Virginia Parole Board contends that the Court should dismiss this action, finding that comity requires exhaustion of state remedies and that the petitioner has failed to properly exhaust such state remedies, In addition, the respondent argues that the petitioner has received the minimal due process protection allowed prisoners in parole interviews by the Fourth Circuit and has not suffered a violation of a federally protected due process right.

**V. Petitioner's Reply**

Upon review of the petitioner's Reply, it appeared that the petitioner intended to file a petition for Writ of Mandamus and not a § 2254 petition. Accordingly, the petitioner was given the opportunity to notify the Court whether he wished to pursue a petition for writ of mandamus. On April 4, 2012, the petitioner notified the Court that he wished to withdraw his petition for writ on mandamus and proceed with his § 2254 petition.

<u>**Analysis**</u>

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. §2254(b). The petitioner bears the burden of

proving exhaustion. See Beard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907. 911 (4th cir. 1997).

It is well settled that filing petitions for extraordinary writs before the Supreme Court of Appeals of West Virginia will not satisfy exhaustion. McDaniel v. Holland, 631 F.Supp. 1544 (S.D.W.Va. 1986). In McDaniel, a state prisoner sought a writ of habeas corpus and argued that a petition filed under the Supreme Court of Appeals of West Virginia's original jurisdiction met the exhaustion requirement. However, the Court held that because the refusal to issue a rule to show cause was not a dismissal with prejudice, it did not meet the exhaustion requirement. McDaniel at 1545-46. In reaching this decision, Judge Haden wrote:

> The seminal case in the Fourth Circuit which determines what is required to exhaust one's remedies in West Virginia is Leftwich v. Coiner, 424 F.2d 157 (4th Cir. 1970). In that case, the Fourth Circuit considered appropriate exhaustion under the 1967 West. Virginia Habeas Corpus Act to being merely filing a petition for writ of habeas corpus with the state court and suffering the denial thereof. The Leftwich court went on to say:
>
> 'Of course, if the Supreme Court of Appeals orders the writ returnable to a court of record, or if it dismisses the petition without prejudice to the petitioner's application for relief in a court of record, that federal courts should decline the petition until the prisoner has pursued this state remedies the Supreme Court of Appeals has made available to him.'
>
> Rule 14 of the West Virginia Rules of Appellate Procedure covers petitions for rules to show cause which is part and parcel of the procedure of obtaining a writ for habeas corpus. Rule 14(b) states:
>
> 'If the [West Virginia Supreme Court] determines not to grant a rule to show cause, such determination shall be without prejudice to the right of the petitioner to present a petition to a lower court having proper jurisdiction, unless the court specifically noted on the order denying a rule to show cause that the denial is with prejudice.'

McDaniel at 1545-56 (internal citations omitted).[2]

As previously noted, the petitioner was denied parole on November 8, 2010. The petitioner filed the instant petition on January 28, 2011. Three days later, on January 31, 2011, the petitioner filed a Petition for Writ of Habeas Corpus in the WVSCA under its original jurisdiction. (Doc. 25-15) Accordingly, at the time the petitioner filed his federal habeas petition, he clearly had not exhausted his state remedies. Moreover, on November 9, 2011, the WVSCA determined that the rule should not be awarded, and the writ prayed for was refused. Because the denial was not with prejudice, the petitioner was free to pursue a habeas petition in the appropriate circuit court, and if an adverse decision was forthcoming, appeal the same to WVSCA. Only then would the petitioner have exhausted his state remedies, giving this Court jurisdiction to entertain his § 2254 petition.[3]

## VI. Recommendation

Based on the foregoing, it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** to petitioner's right to renew the same following exhaustion of state remedies.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to The Honorable Preston P. Bailey, United States District

---

[2]The text of the Rule cited is now found in Rule 16(j) of the Rules of Appellate Procedure.

[3]The undersigned acknowledges that the respondent has presented an argument that the petition received all the due process to which he is entitled at his 2010 parole hearing. However, because the petitioner has not exhausted his state remedies, this Court is without jurisdiction to consider the same, and this Report and Recommendation has not considered the merits of the petition or response.

Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Recommendation to the plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record by electronic means.

Dated: 2-28-2013

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE