## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## ELKINS

SHALER EAGLE,

      Petitioner,

v.                                                                  CIVIL ACTION NO. 2:11-CV-8
                                                                                 (BAILEY)

THE PAROLE BOARD OF THE
STATE OF WEST VIRGINIA,

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge David J. Joel [Doc. 39] and the petitioner's Objections thereto [Doc. 41]. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. Failure to file objections permits the district court to review the R&R under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. *See* **Webb v. Califano**, 468 F. Supp. 825 (E.D. Cal. 1979). The petitioner timely filed his objections on March 11, 2013 [Doc. 41]. This Court will review the portions to which the petitioner objects under a *de novo* standard. As a result, this Court **ADOPTS** the R&R.

### I.    Background

The petitioner is currently serving a 35-year state sentence imposed by the Circuit Court of Mingo County, West Virginia on August 26, 1998. The petitioner was first

1

considered for parole release in November 2007, but was denied. He has had at least three additional interviews since that time and was denied each time.

On January 28, 2011, the petitioner filed the instant Motion under 28 U.S.C. § 2254 [Doc. 1]. The petitioner seeks to have this Court hold the parole board in contempt for violating this Court's holding in **Sites v. McKenzie,** 423 Fed. Supp. 1190 (N.D. W.Va. 1976). The petitioner argues that the Parole Board violates the holding by continuing to use "best interest of society" as a factor when determining whether an inmate should be paroled. Second, the petitioner claims that the Parole Board's refusal to allow inmates access to their files prior to a parole hearing is also in violation of **Sites**. The respondent was ordered to show cause on March 18, 2011 [Doc. 22] and responded to the petitioner's writ on March 23, 2011 [Doc. 25]. The respondent argues that the petitioner failed to properly exhaust state remedies and that the petitioner has not suffered a violation of a federally protected due process right.[1] On January 3, 2012, the petitioner filed a motion to amend [Doc. 31], quoting additional portions of **Sites v. McKenzie**, West Virginia Code, and additional cases in support of an argument that the petitioner is entitled to the information used in his parole hearing under the Freedom of Information Act. The Parole Board responded to the petitioner's motion on January 11, 2012 [Doc. 32]. It claims that the petitioner's motion exceeds the scope of a § 2254 proceeding, the Federal Freedom of Information Act and Privacy Act does not apply to compel production of records from state agencies, and the Eleventh Amendment bars this Court from enforcing West Virginia's

---

[1] The petitioner replied on March 31, 2011 [Doc. 26] and requested that his writ be construed as a motion for writ on mandamus instead of a motion under § 2254. However, the petitioner later withdrew his request [Doc. 35].

State Freedom of Information Act against state officials.

On February 28, 2013, Magistrate Judge Joel filed his R&R [Doc. 39], recommending that this Court dismiss the petition without prejudice, giving the petitioner the right to renew the same following exhaustion of state remedies. On March 6, 2013, the petitioner timely filed objections to the R&R [Doc. 41].

## II. Discussion

Upon a *de novo* review of the petitioner's petition, this Court agrees with the magistrate judge that the petitioner has failed to exhaust available state remedies.

The petitioner claims that this Court has jurisdiction to hear the case and that he is not required to first exhaust state remedies. The petitioner states that "a lower court would have no jurisdiction to make a ruling upon any issue where the higher District court had retained original jurisdiction." The petitioner misstates the law on this issue. 28 U.S.C § 2254(b) expressly states that an application for writ of habeas corpus by a state prisoner will not be granted unless:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254. The plaintiff incorrectly quotes the content of **Sites** and incorrectly interprets the exhaustion requirement. The plaintiff fails to show that he exhausted state court remedies or that state court remedies are ineffective or unavailable. Accordingly, the

3

Court hereby **OVERRULES** the petitioner's objection.

The plaintiff next claims that the exhaustion requirement of § 2254 applies to "a person in custody" but that in this case, at issue is "not a person in question but purely a legal argument." This argument also fails because a § 2254 petition may not be used to assert "purely a legal argument." Habeas corpus proceeding under § 2254 may be brought to challenge a state court conviction or sentence that the petitioner asserts was obtained in violation of federal statutory or constitutional law. A prisoner may not bring a case without first showing that he has been personally harmed or affected by conditions raised in the complaint. A plaintiff lacks standing to sue on behalf of other prisoners. *See* **Hummer v. Dalton**, 657 F.2d 621, 625–26 (4th Cir. 1981) (stating that a prisoner's suit is confined "to redress for violation of [a prisoner's] own personal rights and not one by him as a knight-errant for all prisoners"). Accordingly, the Court hereby **OVERRULES** the petitioner's objection.

### III.    Conclusion

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 39]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in that report. Further, the plaintiff's Objections **[Doc. 41]** are **OVERRULED**. Accordingly, the petitioner's Writ of Habeas Corpus **[Doc. 1]** is hereby **DENIED** for the same reasons as stated above. As such, the same is hereby **DISMISSED WITHOUT PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court. Finally, to the extent that this Order may be construed as a final order, the Court hereby **DENIES** a certificate of appealability, finding that the petitioner has

4

failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: April 17, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE